## WILCOX *vs.* McCARTHY.

*In the matter of the Estate of* ELIZA McCARTHY, *deceased.*

A LEGATEE having received payment of the principal sum of a legacy in two sums, and given a receipt in full, and the executor having subsequently offered to pay the interest, admitting there was a balance of interest due,—*Held*, that this was a sufficient acknowledgment of the claim to remove any presumption to be drawn from the receipt. Whether the rule that where there is no contract to pay interest, if the principal is accepted in full satisfaction, interest cannot afterwards be recovered, applies to an executory trust,—*Quære?*

It is the duty of an executory trustee to see that the legatee is paid, and to apprise him in reasonable time of the amount due, and to offer payment. He cannot take advantage of the mistake of the legatee, or bar his rights in equity by a receipt or even a release under seal, when error has been committed.

J. P. CROSBY, *for Petitioner.*

I. A receipt in full is only *primâ facie* evidence of what it purports to be, and when given by a party unaware of his

rights or who has not had an opportunity of examining into them, may be explained:—For this point I refer to *Lawrence* v. *Schuylkill Nav. Co.*, 4 *Wash. C. C.*, 562; confirming *Thompson* v. *Faussat, Peters C. C.*, 182; also *Ensign* v. *Webster*, 1 *Johns., Cas.*, 145.

II. From the law as laid down in these, and other cases which might be cited, it is very evident that the receipt given by the legatee, purporting to be in full of the legacy left to her, must only be taken as showing a payment on account of what was then due, and thus the point raised by the executor that payment and receipt of the principal, excludes a claim for interest, falls to the ground: for the payments admitted were, in this view of the case, in the first place payments of the interest due at the time of the payments respectively, and the balance was on account of the principal.

III. The admissions and promises of the executor were made upon a valid consideration, viz. : the possession of assets of the estate by the executor, and they should be held binding upon him. (See *Bk. of Troy* vs. *Topping*, 9 *Wend.*, 273, and 13 *Wend.*, 558).

IV. The amount due on the 25th May, 1844, as admitted by the letter of the then counsel of the executors was $274 05; "Int. on this balance" to September 15, 1855— eleven years, and three months, and twenty days, is $216 82, making in the aggregate, $490 87.

V. The petitioner should have an order directing the executors of Eliza McCarthy, to pay over to the attorney of the petitioner, the above amount, together with the costs of these proceedings.

S. SWAIN, *for Executor.*

When interest is not stipulated for in the contract, and is recoverable merely as damages or as an incident to the debt, a creditor is precluded from sustaining an action for its

recovery after accepting the principal. (*Fake* vs. *Eddy's Executor*, 15 *Wend.*, 76). After payment of the principal of a debt, an action will not lie for the interest. (*Stevens* vs. *Barringer*, 13 *Wend.*, 639). If a party accepts the principal of his debt, he cannot afterwards sue for the interest. (*Tillotson* vs. *Preston*, 3 *J. R.*, 229). Payment made and received specially in relinquishment of principal, prevents an action for the amount of the interest. (*The People* vs. *Co. of New York*, 5 *Cow.*, 331).

THE SURROGATE.—The petitioner, who was entitled to a legacy of six thousand dollars under the will of the deceased, received that sum in two payments, for the last of which she gave a receipt " in full of the legacy." There was at that time due to her from the estate the sum of $274, for interest on the bequest, which she now claims in the present proceeding. The executor, however, sets up the rule of law, that where there is no contract to pay interest, if the party to whom the money is due accept the amount of the principal in full satisfaction, he cannot afterwards recover interest. I much doubt whether that rule should be strictly applied to a case of this kind. The executor is a mere trustee for the management of the estate for the benefit of all parties concerned. He acts in a fiduciary capacity, and the reason why he is chargeable with interest is, that the fund is supposed in the course of a year after the testator's death, to come into the hands of the executor and to be earning interest. As between him and the *cestui que trust*, a mere receipt, even at law susceptible of explanation, ought not, it seems to me, to operate as an estoppel in equity, in bar of an accounting, when on an explanation of the facts, it appears that the *cestui que trust* has not been paid the full amount due. It is the duty of an executory trustee to see that the legatee is paid, and to apprise him in reasonable time of the amount due, and to offer payment. (*Merrick's Estate*, 1 *Ash.*, 305.) He

cannot take advantage of the mistake of the legatee, or bar his rights in equity by a receipt or even a release under seal, when error has been committed. Without however resorting to this principle I think the offer of the executor to pay the interest, in 1849, a sufficient acknowledgment that it still remained due, removing any possible presumption to be drawn from the receipt given for the legacy. This offer was in writing and admitted a " balance of interest due"—referring the legatee to the counsel for the estate, to receive it on executing a release. Compound interest is never chargeable against an executor, unless he has been guilty of a gross violation of duty, and it cannot be allowed in this case any further than the executor has agreed to pay. The counsel to whom he referred the legatee in 1849, stated the amount then due at $366 38, and there must be a decree for the payment of that sum—each party paying his own costs.